**UNITED STATES of America,**

v.

**Anthony Herbert COLEMAN, Appellant.**

**No. 23195.**

United States Court of Appeals District of Columbia Circuit.

Decided Oct. 24, 1969.

Mr. Larry J. Ritchie, Wheaton, Md., was on the pleadings for appellant.

Messrs. Thomas A. Flannery, U. S. Atty., and John A. Terry, Asst. U. S. Atty., were on the pleadings for appellee.

Before LEVENTHAL and ROBB, Circuit Judges.

PER CURIAM:

Appellant has been charged with murder in connection with an attempted robbery. Prior to action by the Grand Jury on this charge he applied for review in the district court of an order denying his request for pretrial bail. 18 U.S.C. § 3148 (Supp. IV, 1968). His motion for release was denied and this appeal followed.

After his appeal was docketed, the Grand Jury returned a true bill, and the case was placed on the individual assignment calendar in the district court. The individual calendar system was instituted by the United States District Court for the District of Columbia for criminal cases, effective October 1, 1969, to improve judicial administration by scheduling all matters arising in connection with a particular criminal case for consideration by the same district court

judge. Thus, all issues normally raised by pretrial motions will be heard and decided by the same judge, and this judge will be responsible for the trial itself. The objectives of the individual calendar system include expedition, better coordination of possibly interrelated aspects of the case, and more effective calendar control that takes into account the criminal case as a whole.

■■ The judge who has been designated for trial, and for all pretrial matters, has the authority to consider any prior pretrial order in the light of the facts that may be presented to him. In our view this court should ordinarily defer review of the propriety of a pretrial order when a judge has been designated for the case, in order to give him reasonable opportunity to exercise his sound discretion in light of all aspects of the case available to him as the judge designated for trial. Accordingly, the appeal will be dismissed for purposes of permitting appellant to present an application for release to the designated judge.

So ordered.